UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-62283-STRAUSS

**JAMES F. DINWIDDIE, JR.,**

     Plaintiff,

v.

**UNITED STATES,**

     Defendant.

_____/

## OMNIBUS ORDER

THIS MATTER came before the Court upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [DE 3] (the "IFP Motion"), Plaintiff's Motion to Proceed Under Pseudonym [DE 4] (the "Pseudonym Motion"), and Plaintiff's Motion for Referral to Volunteer Attorney Program [DE 5] (the "VAP Motion") (collectively, the "Motions"). Based on a review of the Motions and the other relevant portions of the record, the Motions will be **DENIED without prejudice**. Plaintiff shall also file an amended complaint that complies with this Order.

## BACKGROUND

Plaintiff filed his Complaint on November 10, 2025. *See generally* [DE 1]. In the Complaint Plaintiff alleges that the United States has surveilled Plaintiff for nearly three years. *Id.* at 4. The alleged surveillance occurs "24-7." *Id.* Plaintiff demands that the United States explain why it has surveilled or stalked Plaintiff for the last three years. *Id.* Further, Plaintiff requests that anything previously sealed be unsealed. *Id.* Plaintiff purports to bring his claims under 42 U.S.C. § 1983 and 22 U.S.C. § 2201.[1] *Id.* at 3; [DE 1-1] at 1. On the same day Plaintiff filed his

---

[1] Plaintiff's references to 22 U.S.C. § 2201 are likely a mistake, as that statute relates to the provision of assistance to disadvantaged children in Asia. Presumably, Plaintiff intended to cite

Complaint, he also filed the IFP Motion, the Pseudonym Motion, and the VAP Motion. *See generally* [DE 3]; [DE 4]; [DE 5]. The Court addresses each motion in turn.

## ANALYSIS

### I. IFP MOTION

In the IFP Motion, Plaintiff seeks to proceed without paying the filing fee. *See generally* [DE 3]. Because Plaintiff seeks leave to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. § 1915(e) apply here. Under that statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As discussed below, Plaintiff's Complaint [DE 1] is subject to dismissal for multiple reasons. However, rather than dismissing Plaintiff's Complaint now, the Court will provide Plaintiff an opportunity to file an amended complaint to see if Plaintiff can rectify the deficiencies with the current Complaint. Failure to rectify the deficiencies may result in dismissal without any further opportunity to amend the Complaint.

Generally, in preparing his amended complaint, Plaintiff should ensure that he complies with all applicable rules, including Rules 8 and 10 of the Federal Rules of Civil Procedure.[2] In

---

28 U.S.C. § 2201 because he writes "Declaratory Judgment" multiple times in the Complaint. *See* [DE 1] at 3-4; [DE 1-1] at 1. "Declaratory relief is authorized under 28 U.S.C. § 2201, but that statute does not create an independent cause of action." *Martes v. Sacco*, No. 10-61666-CIV, 2011 WL 13175009, at *6 (S.D. Fla. Feb. 22, 2011), *aff'd sub nom.*, *Martes v. Chief Exec. Officer of S. Broward Hosp. Dist.*, 683 F.3d 1323 (11th Cir. 2012).

[2] *Pro se* pleadings are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). Moreover, *pro se* litigants are required to comply with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826,

accordance with Rule 8, Plaintiff's amended complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Plaintiff's Complaint is deficient in several respects. First, the Complaint is an improper "shotgun pleading." *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"). As stated earlier, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, Rule 10(b) requires that "[a] party . . . state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A few types of shotgun pleadings exist, but "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. A

---

829 (11th Cir. 2007) ("[A]lthough [courts] are to give liberal construction to the pleadings of pro se litigants, '[courts] nevertheless have required them to conform to procedural rules.'" (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))).

common type of shotgun pleading occurs when the complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Plaintiff's Complaint is a deficient shotgun pleading because it does not contain any numbered paragraphs and consists of vague, conclusory allegations that Defendant violated some constitutional right, with very little supporting allegations.

Beyond being a shotgun pleading, the Complaint does not contain sufficient allegations to state a plausible claim under 42 U.S.C. § 1983. "To state a claim under this statute, 'a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law.'" *Andre v. Clayton County*, 148 F.4th 1282, 1291 (11th Cir. 2025) (quoting *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010)). The Eleventh Circuit has stated, "A constitutional claim brought pursuant to § 1983 must begin with the identification of a specific constitutional right that has allegedly been infringed." *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1288 (11th Cir. 2019) (quoting *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019)). Here, however, Plaintiff does not identify any constitutional right that has been violated. *See* [DE 1] at 4. Plaintiff does allege that he has been "under surveillance" for nearly three years, but this allegation does not indicate a specific constitutional right that any such surveillance violates. Even liberally construing the Complaint as alleging a violation of Plaintiff's right to be free from unreasonable searches and seizures under the Fourth Amendment, the vague allegations do not provide sufficient factual detail from which the Court could conclude that any "search" has occurred, much less an unreasonable one. *See Carpenter v. United States*, 585 U.S. 296, 304 (2018) (generally explaining that "searches" for Fourth Amendment purposes occur when the Government "obtains information by physically intruding on a constitutionally protected area" or intrudes on a reasonable

4

expectation of privacy). Thus, Plaintiff has failed to allege sufficient facts to raise a right to relief above the speculative level. Additionally, § 1983 claims cannot be brought against the United States itself because the United States is not a state actor and has not waived its sovereign immunity in this context. *Davis v. Rutledge State Prison*, No. 23-CV-130, 2024 WL 5662482, at *1 (M.D. Ga. Jan. 5, 2024), *report and recommendation adopted*, 2024 WL 5662042 (M.D. Ga. Mar. 26, 2024).[3]

These highlighted issues are only intended to provide some guidance to Plaintiff; they are not necessarily an exhaustive list of all the deficiencies with Plaintiff's Complaint. In sum, because of the deficiencies with Plaintiff's Complaint, the Court will deny Plaintiff's IFP Motion without prejudice. Plaintiff must rectify the deficiencies with his Complaint, including those outlined above, before the Court will consider granting Plaintiff's IFP Motion. Plaintiff may renew the IFP Motion when he files an amended complaint in accordance with this Order.

## II.   PSEUDONYM MOTION

Plaintiff requests to use a pseudonym rather than his real name "for privacy reasons." [DE 4] at 1. Specifically, Plaintiff fears that his "odd" last name could cause him to be "haunted by this case online for the rest of [his] life." *Id.* Plaintiff claims that he has done nothing illegal and that having his name associated with a Complaint challenging years of alleged surveillance by the government could repel potential employers. *Id.* However, the Pseudonym Motion fails to show that the requested relief is warranted.

---

[3] Plaintiff's claim fails even if this Court were to liberally construe the Complaint as a *Bivens* claim. *Id.* ("Plaintiff's claims against the United States itself are therefore barred by sovereign immunity and subject to dismissal, whether they are construed as being brought under § 1983 or as a Bivens-type action.").

"'Generally, parties to a lawsuit must identify themselves' in the pleadings." *In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)).  "Federal Rule of Civil Procedure 10(a) requires that 'every pleading' in federal court 'must name all the parties.'" *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (quoting Fed. R. Civ. P. 10(a)).  "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* (quoting *Frank*, 951 F.2d at 322).  "This creates a strong presumption in favor of parties proceeding in their own names. Defendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not." *Id.* (citation omitted).

"Yet the rule is not absolute. A party may proceed anonymously in federal court by establishing 'a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *In re Chiquita Brands*, 965 F.3d at 1247 (quoting *Plaintiff B*, 631 F.3d at 1315-16).  But the foregoing exception is narrow; parties may only use fictitious names in exceptional cases. *Id.*  "In evaluating whether a plaintiff has shown that he has such a right, the court 'should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'" *Plaintiff B*, 631 F.3d at 1316 (quoting *Frank*, 951 F.2d at 323).

The Eleventh Circuit has explained that the first step of the requisite inquiry is to consider three factors: (1) whether the party seeking anonymity "is challenging government activity"; (2) whether the party "would be compelled, absent anonymity, to disclose information of utmost intimacy"; and (3) whether the party "would be compelled, absent anonymity, to admit an intent

6

to engage in illegal conduct and thus risk criminal prosecution." *In re Chiquita Brands*, 965 F.3d at 1247 (citing *Plaintiff B*, 631 F.3d at 1316). Ultimately, though, "whether a party's right to privacy overcomes the presumption of judicial openness is a totality-of-the-circumstances question." *Id.* at 1247 n.5. In addition to the above-mentioned factors, "[o]ther factors to consider include whether the party seeking anonymity is a minor or faces a real threat of physical harm absent anonymity" and "whether the party's requested anonymity poses a unique threat of fundamental unfairness to the defendant." *Id.* at 1247 (citations omitted).

Here, Plaintiff requests to proceed anonymously for privacy reasons. He explains that he does not want potential employers or the public to see the case—presumably because Plaintiff fears that the subject matter of the case may harm people's perception of him. However, "[r]isk of embarrassment or even diminished job prospects are not sufficient to outweigh the presumption of openness in judicial proceedings." *Doe v. Univ. of Miami (Miller Sch. of Med.)*, No. 12-23933-CIV, 2012 WL 12960871, at *2 (S.D. Fla. Nov. 28, 2012). And although Plaintiff is challenging government activity, Plaintiff has not demonstrated that, if not allowed to proceed anonymously, he would be required to disclose information of "the utmost intimacy" or of a crime for which there is a risk of criminal prosecution. *In re Chiquita Brands*, 965 F.3d at 1247. In fact, Plaintiff expressly claims that he does not do anything illegal. [DE 4] at 1.

In short, none of the facts alleged in the Complaint or set forth in the Motion come close to establishing "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *In re Chiquita Brands*, 965 F.3d at 1247 (quoting *Plaintiff B*, 631 F.3d at 1315-16).

### III.   VAP MOTION

Plaintiff asks this Court to refer Plaintiff to the Court's Volunteer Attorney Program (the "Program"). [DE 5] at 1. "Appointment of counsel in civil cases is a privilege 'justified only by

exceptional circumstances,' not a constitutional right." *Rodriguez v. Burnside*, 38 F.4th 1324, 1335 (11th Cir. 2022) (citation omitted). However, Plaintiff does not contend that any exceptional circumstances exist in this case. While the Court nevertheless has discretion to make a referral to the Program, Plaintiff's Motion fails to provide a compelling reason to show that referral to the Program would be appropriate at this time. The Court will nevertheless allow Plaintiff to renew the VAP Motion if he files an amended complaint. In any renewed motion, Plaintiff should explain why the Court should make a referral to the Program.

## CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. Plaintiff's IFP Motion [DE 3] is **DENIED without prejudice**.

2. Plaintiff's Pseudonym Motion [DE 4] is **DENIED without prejudice**.

3. Plaintiff's VAP Motion [DE 5] is **DENIED without prejudice**.

4. No later than **December 11, 2025**, Plaintiff shall file an amended complaint in accordance with this Order (i.e., an amended complaint that rectifies the deficiencies with Plaintiff's current complaint). Failure to do so may result in dismissal of this action without further notice.

5. Plaintiff may renew the Motions when he files his amended complaint.

6. If Plaintiff renews the IFP Motion, it must contain complete and accurate information and be signed under penalty of perjury. Failure to do so (or to alternatively pay the filing fee) may result in dismissal of this action without further notice.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 20th day of November 2025.



Jared M. Strauss
United States Magistrate Judge